REQUESTED BY: Senator Richard Peterson Nebraska State Legislature 1118 State Capitol Lincoln, Nebraska 68509
Dear Senator Peterson:
Your letter to this office states that future legislation will be considered during an interim study concerning the Community Mental Health Services Act. You inquire if the community mental health centers are actually extensions of the Department of Public Institutions.
While the Community Mental Health Services Act, § 71-5001
through 71-5014 (Reissue 1981) gives the Department of Public Institutions and the Director of Medical Services thereof, some specific duties and responsibilities, it falls short of constituting the six mental health regions or any service agency providing mental health services as defined in § 71-5002(3) (Reissue 1981), legal subdivisions of the Department of Public Institutions. Rather than attempting to label the relationship, it is more accurate to describe the authority and duties of each.
For example, § 71-5003 of said act requires the Director of Medical Services of the Department of Public Institutions to provide a state-wide plan for mental health services, establish minimum standards for the operation of any facility or program funded under the act, provide assistance to place mentally ill persons in appropriate facilities or programs, require budgets to be submitted by each region, evaluate submitted budgets to determine the state's share of funding requirements and the services to be rendered, approve any plan to be submitted to a federal agency for grants, and promulgate such rules and regulations as are necessary to carry out the provisions of the act. However, any standards, rules, or regulations above referred to may be adopted only after consultation with a committee consisting of one member of each regional governing board appointed by such board and one consumer from each regional mental health advisory committee appointed by that regional governing board.
While such committee does not have veto authority over the standards, rules, and regulations to be adopted, the procedure indicates that the regions are not under the legal control of the department but have an independent input into such adoption.
Section 71-5004 of said act specifically provides that any combination of counties operating under the Interlocal Cooperation Act shall appoint a governing board which shall govern and supervise the operation of the comprehensive community mental health services program offered within their geographical boundaries. Such governing board shall contract with any public agency, approved private agency, or individual providing mental health services as described in said act subject to minimum standards adopted by the Director of Medical Services under the act.
These governing boards consist of one member from each of the county boards of supervisors or commissioners represented by each region. Each of the counties shall contribute financial support for the operation of the regional comprehensive community mental health services program based upon a funding formula acceptable to each of the counties involved. This clearly distinguishes the regions from being subdivisions or agencies of the State Department of Public Institutions as it is the regional governing board which governs, supervises, makes assessments on the counties, and contracts for services under this section.
Section 71-5006 of said act requires the governing board of each region to organize and supervise the comprehensive mental health services and facilities under its jurisdiction, cause such services to be provided to the people and name and appoint a program director.
While the regional governing board must also report annually to the Director of Medical Services regarding the expenditure of funds and submit annually a proposed budget and plan of the services to be offered, it must also establish the amount of funds to be requested from each county.
Under § 71-5007 the regional governing board determines the powers and authority of the program administrator who is directly responsible to the governing board for administering and supervising the programs, services, and facilities under the act. While he acts in the interest of the state in its overall goal of providing mental health services, he is not an employee or agent of the state in a legal sense.
The foregoing constitutes the regions and the agencies with whom they contract as separate legal entities which must comply with certain standards and regulations to receive the funds appropriated by the state under the budgets submitted. The relationship is similar to that of any state or local governmental subdivision receiving grants from the federal government.
Nowhere under said act is any enforcement authority given to the Department of Public Institutions which would give the department direct control over the regions or agencies thereof.
The department does have the authority to require annual audits and reports as it deems necessary, and provide accountability for all sources of funds and all expenditure of funds from all agencies receiving any state funds, but such authority is not backed up with any enforcement powers. Presumably problems of the department with the expenditure of funds or operation of the programs would result in withholding of future funds by the Legislature.
The department, under § 71-5010 of the act, has the duty to require such annual audits as it deems necessary. You have inquired whether the state auditor could perform this function. Section 84-304 (Reissue 1981) provides in part:
It shall be the duty of the Auditor of Public Accounts:
 (4) Conduct audits and related activities for state agencies, political subdivisions of this state, or grantees of federal funds disbursed by a receiving agency on a contractual or other basis for reimbursement, to assure proper accounting by all such agencies, political subdivisions, and grantees for funds appropriated by the Legislature and federal funds disbursed by any receiving agency.
This provision, would, in our opinion, require the Auditor of Public Accounts to audit the regional governmental organization or other agency under the act which is the grantee of funds appropriated by the Legislature.
Hoping this will be of assistance to you we are,
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General